UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IAN MURRAY SIMPSON,**

        **Plaintiff,**

v.     Case No: 6:22-cv-2182-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIBs"), alleging July 30, 2013, as the disability onset date. (Tr. 253.) In a decision dated April 12, 2022, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 29.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court.[1] The undersigned has reviewed the administrative record, the parties' memoranda (Docs. 22, 23, 24), and the applicable law. For the reasons stated herein, the Court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] On December 5, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 11.) Accordingly, the case was referred to the undersigned by an Order of Reference on December 8, 2022. (Doc. 15.)

I.  BACKGROUND

The ALJ found that Plaintiff suffers from the severe impairments of degenerative disc disease, hearing loss not treated with cochlear implantation, diabetes mellitus, diabetic neuropathy, an aortic aneurysm, essential hypertension, and a sleep-related breathing disorder. (Tr. 24.) Aided by the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff, despite these impairments, retains the residual functional capacity ("RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [H]e can lift, carry, and push/pull twenty pounds occasionally and ten pounds frequently; in an eight-hour workday, he can sit for six hours, stand for six hours, and walk for six hours; he can frequently climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can frequently balance and stoop; he can never work at unprotected heights or with moving mechanical parts; he can tolerate occasional exposure to dust, odors, and pulmonary irritants; he can tolerate occasional exposure to extreme cold, extreme heat, and vibration; he can tolerate exposure to moderate noise.

(Tr. 26.) The ALJ found that, with this RFC, Plaintiff could perform his past relevant work as a telemarketer, RV salesperson, warehouse manager, and car salesperson. (Tr. 29.)

II.  ISSUE ON APPEAL

The sole issue on appeal is whether the ALJ properly considered the consistency factor in determining that the opinion of the consultative examining physician was partially unpersuasive. (Doc. 22 at 7.)

**III.   STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). The threshold for such evidentiary sufficiency is not high. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. If supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

**IV.   DISCUSSION**

Plaintiff challenges the ALJ's assessment finding the opinion of Plaintiff's independent consultative physician, Dr. Karen Marrero, as unpersuasive in determining Plaintiff's RFC. (Doc. 22 at 4–8.) Plaintiff argues that the ALJ failed to evaluate the consistency of Dr. Marrero's opinion. The Commissioner responds that the ALJ properly evaluated consistency by factoring in Plaintiff's daily activities and

the state agency physicians who reviewed the claim at the initial and reconsideration levels. (Doc. 23 at 8–11.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization; and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

(*Id.*) In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record. "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

On June 14, 2017, Dr. Marrero conducted a one-time consultative examination of Plaintiff to determine his eligibility for disability benefits. (Tr. 793.) After Plaintiff's physical examination, Dr. Marrero recommended as follows:

> Claimant expected to bend, stand, and walk one to three hours out of an eight-hour work day with frequent breaks; otherwise able to sit, carry, handle objects, hear, speak, write, and travel with regular breaks.

(*Id.*) As to supportability, the ALJ concluded that Dr. Marrero's opinion was supported by her examination. (Tr. 27.) Regarding consistency, the ALJ found that

Dr. Marrero's standing and walking limitations were not consistent with other opinions in the record. (*Id.*) Specifically, the ALJ evaluated Dr. Marrero's opinion and found as follows:

> Dr. Marrero's opinion is supported by her examination. However, the degree of limitation she has noted with respect to standing and walking is not supported by other opinions in the record. The record indicates a greater level of activity than Dr. Marrero's report would seem to support. Her opinion, therefore, is not entirely consistent with other evidence. I have found Dr. Marrero's report to be no more than somewhat persuasive.

(Tr. 28.)

The undersigned agrees with Plaintiff that it is unclear what record evidence the ALJ was referencing when he reached his conclusion, since the ALJ did not actually cite to the record to support his finding. The Court rejects the Commissioner's argument that the ALJ supported his findings by discussing the prior administrative medical findings of Shakra Junejo, M.D., and Minal Krishnamurthy, M.D., because the ALJ's discussion of these medical opinions does not explain *how* Dr. Marrero's limitation as to standing and walking is inconsistent with Drs. Junejo and Krishnamurthy's opinions. (Tr. 27–28.) More specifically, in evaluating Drs. Junejo and Krishnamurthy's opinions, the ALJ found as follows:

> I have considered the opinions of the State Agency physicians who reviewed this matter at the initial and reconsideration determination levels. The physician at the initial determination level was of the opinion claimant is able to work at the light exertion level. It was noted that he could frequently climb ramps and stairs. It was noted that he could occasionally climb ladders, ropes, and scaffolds. It was noted that he could occasionally stoop and frequently

> balance, kneel, crouch, and crawl. It was noted that he should avoid concentrated exposure to hazards. The physician at the reconsideration determination was also of the opinion the claimant is able to work at the light exertion level. It was noted that he could frequently climb ramps and stairs but never climb ladders, ropes, or scaffolds. It was noted that he could frequently balance and stoop. Some vision limitations were noted with respect to near acuity, far acuity, depth perception, accommodation, color vision, and field of vision. Some hearing limitation was noted. It was noted that he should avoid concentrated exposure to temperature extremes, vibration, and pulmonary irritants. It was noted that he should avoid moderate exposure to noise form these sources. The opinions are consistent with other evidence, including the claimant's history of treatment for his severe impairments and complaints of pain and fatigue. I have found these opinions to be persuasive, but notes that the residual functional capacity is not entirely consistent with them; I have based the residual functional capacity on the entirety of the medical record.

(Tr. 27–28.) The ALJ addresses Drs. Junejo and Krishnamurthy's opinions as to Plaintiff's ability to climb, hear, see, and balance, as well as environmental limitations, but the ALJ does not address Drs. Junejo and Krishnamurthy's opinions as to Plaintiff's ability to walk and stand during the workday, which are the specific portions of Dr. Marrero's opinion that the ALJ chose to discount. Accordingly, the Court is unable to determine whether substantial evidence supports the ALJ's decision.

The Commissioner makes an additional argument that the ALJ properly evaluated the consistency factor because the ALJ noted that Plaintiff was able to help take care of pets, shop by computer, pay bills, and drive his mom to appointments. (Tr. 28; Doc. 23 at 9.) Yet even these activities, as considered by the ALJ, do not provide a basis to discount Dr. Marrero's opinion as to Plaintiff's ability to stand and

walk more than one to three hours during the workday. To the contrary, the tasks that the ALJ considered, and that the Commissioner points out, fall within the portion of Dr. Marrero's opinion that the ALJ accepted as persuasive. (Tr. 27–28). While the Commissioner has examined the record and provided support for the ALJ's assessment of Dr. Marrero's opinion, such *post-hoc* rationalizations do not provide the basis for judicial review of an administrative decision. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010).

## V.   CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 4, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE